IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 27, 2021

## STATE OF TENNESSEE v. CHRISTOPHER LYNN INMAN

**Appeal from the Circuit Court for Henderson County**
**No. 18-223-3 Kyle C. Atkins, Judge**

_____

### No. W2020-00452-CCA-R3-CD

_____

Defendant, Christopher Lynn Inman, was convicted by a jury of introduction of contraband into a penal facility and possession of marijuana. Following a sentencing hearing, the trial court sentenced Defendant as a Range II multiple offender to an effective sentence of six years' incarceration. In this direct appeal, Defendant asserts that the trial court erred by admitting the marijuana into evidence because the State failed to establish a proper chain of custody and that the evidence was insufficient to support his conviction for introduction of contraband into a penal facility. Following our review of the record and the briefs of the parties, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J. ROSS DYER, JJ., joined.

Samuel W. Hinson, Lexington, Tennessee, for the appellant, Christopher Lynn Inman.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Chadwick R. Wood, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### *Evidence presented at trial*

On March 19, 2018, Lexington Police Department ("LPD") Officer Cody Moore stopped Defendant's vehicle because Defendant was driving with an expired tag. When Officer Moore approached Defendant's vehicle, he noticed a strong odor of marijuana.

Defendant consented to a search of his vehicle, but Officer Moore did not find any contraband inside the vehicle. Officer Moore took Defendant into custody. He testified that he "believe[d] that [Defendant] had marijuana concealed in the pelvic region of his pants." Defendant told Officer Moore that what he felt "was his private region, not a bag of marijuana." Officer Moore informed Defendant "multiple times" that he would be charged with introduction of contraband into a penal facility if he had marijuana on his person when they arrived at the jail.

While Officer Moore was transporting Defendant to the Henderson County Jail, Defendant was "moving around excessively" and he "somehow [ ] got his handcuffs from where they were behind his back [and] moved them in front of him." Officer Moore stopped on his way to the jail to "confront" Defendant about the handcuffs, and when he opened the car door where Defendant was seated in the backseat, the odor of marijuana "hit [him] right in the face[.]" Officer Moore again advised Defendant that he was "going to be charged if [he went] into the jail with [marijuana]." Defendant insisted that he did not have any marijuana and "that it was a hernia."

When Officer Moore arrived at the Henderson County Justice Complex, he escorted Defendant into the booking area. Officer Moore explained that "[p]art of the booking process" was to strip search arrestees. When Defendant "realized that there was no way around that, . . . [h]e grabbed [the marijuana] out of the crotch of his pants and tossed it to [Officer Moore]."

Officer Moore testified that he placed the marijuana in an evidence bag, sealed it, and labeled it with the date and his initials. He noted on the evidence bag that it contained a "green, leafy substance" and noted the weight of the evidence bag. He then attached a TBI lab request form to the evidence bag and secured the bag and form in the evidence locker. Officer Moore testified "once it's dropped in there, I have no way to access it anymore." The evidence log showed that an LPD evidence officer received the evidence and "sign[ed it] in"; another officer, Lieutenant Ricky Montgomery, subsequently "signed it out" and took it to the TBI lab for testing; it was returned to the LPD evidence locker; and it remained there until Officer Moore "signed it out" for court.

Rachel Strandquist, a special agent forensic scientist with the TBI, testified that when evidence is submitted to the TBI lab, it is assigned a unique identification number and "put into the system." When Agent Strandquist received the evidence in this case, she noted that the LPD seal on the evidence bag was intact and had not been tampered with. She opened the seal and identified the contents as 26.92 grams of marijuana. She then resealed the bag and labeled the seal with the evidence identification number, the date, and her initials before returning it to the LPD.

Defendant did not testify or present any evidence at trial.

### *Chain of Custody*

Defendant contends that the State failed to establish a proper chain of custody of the marijuana, and therefore, the trial court erred in admitting the marijuana into evidence at trial. Defendant asserts that the State failed to present the testimony of "two essential witnesses[,]" specifically, the officers who transported the evidence from the LPD to the TBI lab and then back to the LPD after testing. The State responds that the evidence presented at trial established a reliable chain of custody and that the reliability of the chain of custody was not undermined by other proof presented at trial. Neither party notes that the record does not contain a motion for new trial or order denying such motion, which preserves the issue for our review.

The failure to file a motion for new trial waives all issues for appellate review other than the sufficiency of the evidence and sentencing. *See* Tenn. R. App. P. 3(e); *State v. Bough*, 152 S.W.3d 453, 460 (Tenn. 2004). Moreover, pursuant to Rule 3(e), "the failure to file a motion for a new trial, the late filing of a motion for a new trial, and the failure to include an issue in a motion for a new trial results in waiver of all issues which, if found to be meritorious, would result in the granting of a new trial." *State v. Keel*, 882 S.W.2d 410, 416 (Tenn. Crim. App. 1994) (footnote omitted).

We conclude that Defendant has waived consideration of this issue because he failed to properly preserve it by a motion for new trial. Because chain of custody is a matter that is admitted with a reasonable assurance standard, rather than an absolute assurance standard, we decline a review for plain error. *State v. Cannon*, 254 S.W.3d 287, 296 (Tenn. 2008) (citing *State v. Scott*, 33 S.W.3d 346, 760 (Tenn. 2000)). The rule requiring that each link in the chain of custody be sufficiently established "does not require that the identity of tangible evidence be proven beyond all possibility of doubt[,]" only that "the facts and circumstances that surround the tangible evidence reasonably establish the identity and integrity of the evidence. . . ." *Cannon*, 254 S.W.3d at 296 (citing *Scott*, 33 S.W.3d at 760). "An item is not necessarily precluded from admission as evidence if the State fails to call all of the witnesses who handled the item." *Cannon*, 254 S.W.3d at 296 (citing *State v. Johnson*, 673 S.W.2d 877, 881 (Tenn. Crim. App. 1984). The record does not establish a clear and unequivocal rule of law was breached. *State v. Smith*, 24 S.W.3d 274, 282 (Tenn. 2000); *State v. Adkisson*, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). Defendant is therefore not entitled to relief.

### *Sufficiency of the Evidence*

Defendant challenges the sufficiency of the evidence for his conviction for introduction of contraband into a penal facility. Specifically, he argues that the facts as introduced at trial do not support the conviction because there was no proof that Defendant knowingly introduced contraband into the Henderson County Jail. Defendant argues that he did not have the requisite intent to sustain a conviction for the crime. The State responds that the evidence was sufficient to support Defendant's conviction.

In reviewing the sufficiency of the evidence on appeal, the relevant question is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); Tenn. R. App. P. 13(e). This Court "must afford the State the strongest legitimate view of the evidence and any reasonable inferences that may be drawn therefrom." *State v. James*, 315 S.W.3d 440, 455 (Tenn. 2010) (citing *State v. Hanson*, 279 S.W.3d 265, 274 (Tenn. 2009)). Questions concerning the "credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact." *State v. Wagner*, 382 S.W.3d 289, 297 (Tenn. 2012) (quoting *State v. Campbell*, 245 S.W.3d 331, 335 (Tenn. 2008)). The jury's verdict replaces the presumption of innocence with one of guilt, and the burden is on the defendant to show that the evidence introduced at trial was insufficient to support such a verdict. *State v. Reid*, 91 S.W.3d 247, 277 (Tenn. 2002). It is not the role of this Court to re-weigh the evidence or to substitute our own inferences for those drawn from the evidence by the trier of fact. *Id*. This standard of review applies whether the conviction was based on direct evidence, circumstantial evidence, or a combination of the two. *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011).

Tennessee Code Annotated section 39-16-201(b)(1) (2018) makes it unlawful for any person to:

> (1) Knowingly and with unlawful intent take, send or otherwise cause to be taken into any penal institution where prisoners are quartered or under custodial supervision any weapons, ammunition, explosives, intoxicants, legend drugs, or any controlled substances or controlled substance analogues found in chapter 17, part 4 of this title; . . . .

A person acts "knowingly" with "respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist." T.C.A. § 39-11-302(b). "A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result." *Id*.

Defendant argues that the evidence was insufficient to support the conviction because the State failed to present any evidence of Defendant's "unlawful intent." He contends that there was no evidence that he intended to sell, deliver, or use the marijuana while he was in jail. The evidence at trial established that Defendant was arrested and transported to the jail. Officer Moore believed that Defendant was hiding marijuana in his crotch because he could smell a strong odor of marijuana, and he saw and felt a bulge Defendant's pants. Despite Officer Moore's repeated warnings to Defendant that he would be charged with introducing contraband into a penal facility if he had marijuana in his possession when he entered the jail, Defendant denied that he had marijuana on his person. Only after Defendant was taken inside the secured jail area where strip searches were conducted did he reach into his pants, remove the bag of 26.92 grams of marijuana, and toss it to Officer Moore. It is clear that Defendant knew he was in possession of the marijuana at the time of his arrest and knew he was being transported to jail. At no time was the State required to establish he intended to sell or deliver the drug. The proof supports the jury's determination that the defendant intended to bring the drugs into the jail. Defendant is not entitled to relief.

CONCLUSION

Based upon the foregoing analysis, we affirm the judgments of the trial court.

_____
TIMOTHY L. EASTER, JUDGE